# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

GRACO INC. AND
GRACO MINNESOTA INC.,

    Plaintiffs,

  v.

TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., ONE WORLD
TECHNOLOGIES, INC., TECHTRONIC
INDUSTRIES CO., LTD., AND HOME
DEPOT U.S.A., INC.,

    Defendants.

Civil No. 09-CV-1757 (JRT/RLE)

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNT I OF THE COMPLAINT AND, SUBSEQUENTLY, TTI'S COUNTERCLAIMS REGARDING THE '067 PATENT

Defendants, Techtronic Industries North America, Inc., and One World Technologies, Inc. (collectively "TTI"), hereby submit their Opposition to Graco's Motion to Dismiss.

## INTRODUCTION

After asserting its '067 patent, demanding attorneys' fees and interfering with defendants' legitimate business relationships, Graco now wants to simply walk away from the mess it has created. Graco's request for dismissal is not as simple as Graco would have this Court believe.

In fact, Graco really asks this Court to ignore numerous issues raised by its unfounded assertion of infringement. For instance, Graco wants the Court to look past the fact that Graco concedes it has "infringement issue[s]" with the '067 patent. (Docket 53 at 3.) This begs the question: how did Graco learn of these "infringement issues" now, many months after filing its Complaint? The obvious answer is that Graco did not conduct an adequate pre-filing inquiry into TTI's alleged infringement. Had Graco done its due diligence, the '067 patent never would have been asserted.

Graco also fails to notify the Court that it filed this lawsuit in the midst of the key selling season for these products and immediately interfered with TTI's business relationship with Home Depot by discouraging Home Depot from purchasing the accused products. This, too, raises questions regarding Graco's motivations and timing for asserting the '067 patent.

Graco also wants to brush aside any damage to TTI as a result of its haphazard filing. TTI incurred significant attorneys' fees and costs in analyzing and defending against Graco's infringement allegations relating to the '067 patent. Graco cannot simply walk away from all of this, particularly when it could have been avoided with an adequate pre-filing investigation.

This Court has wide discretion to condition dismissal upon terms that it deems proper. TTI asks the Court to exercise that discretion by entering the

dismissal with prejudice and requiring Graco to pay TTI's fees and costs associated with defending against the ill-asserted '067 patent.

I. **BACKGROUND FACTS.**

    A. **Upon filing the Complaint, Graco demands that TTI cease selling its RAP200 and pay $30,000 to Graco for its attorneys' fees.**

Immediately after filing its Complaint, in a letter dated July 9, 2009, Graco notified TTI that its RAP200 airless paint sprayer infringed various intellectual property held by Graco, including the '067 patent. Among other things, Graco demanded that TTI pay $30,000 for Graco's attorneys' fees because of the alleged infringement:

> Pay Graco's costs and attorneys' fees incurred to date in connection with this matter. Such fees are currently estimated to be approximately $30,000; and

(Scheller 12/14/09 Declaration, hereinafter "Scheller Decl.", filed herewith, Exhibit A at 1-2.) Graco did not provide any substantive infringement analysis to TTI, but summarily asserted that Graco held the '067 patent and TTI's RAP200 product infringed it. (*Id.* (merely stating that the RAP200 "infringes" the '067 patent).) Graco also demanded TTI cease selling its RAP200 product. (*Id.*)

    B. **TTI immediately informed Graco that there was no infringement of the '067 patent.**

Immediately upon learning of the lawsuit, TTI began scrutinizing the Complaint, including Graco's claim of infringement of the '067 patent. TTI devoted substantial resources to analyze Graco's infringement claim on the '067 patent, both internally and with outside counsel, to insure that its products did

not infringe any of Graco's intellectual property, including the '067 patent. TTI's analysis of the '067 patent demonstrated that there could be no infringement of either independent claims 1 or 4 of the '067 patent due to the distinct language of those claims.

Given Graco's unequivocal infringement assertion, insistence that TTI immediately cease selling the RAP200 and adamant demand for payment of its attorneys' fees, TTI assumed that Graco had conducted an adequate pre-filing inquiry as to infringement. As a result, TTI asked Graco to share its infringement analysis with TTI so it could further analyze Graco's claims.

By letter dated July 22, 2009, TTI notified Graco of its conclusion that there was no infringement and noted two items. First, TTI stated that while the language of claim 1 was unclear, no reasonable interpretation of that language could result in infringement. (Scheller Decl., Exhibit B at 1.) Second, the RAP200 did not have ends that were the same size and thread as a "common garden hose" as required by claim 4 of the '067 patent. TTI simply did not understand how Graco could conclude there was infringement of the '067 patent given the distinct limitations in the independent claims.

TTI specifically asked Graco to provide evidence that TTI's accused product (the RAP200) infringed either of the independent claims of the '067 patent. Since Graco had filed the Complaint alleging infringement of the '067

patent, TTI assumed Graco's counsel had performed its Rule 11 duties and studiously examined the issue of infringement before filing the Complaint. Thus, TTI noted that since Graco filed the Complaint, it "presumably looked at each element of claim 1 or claim 4, or both, and determined that all of the elements of one or both of these claims are present in the RAP200." (*Id.*)

    **C.**    **Graco had no evidence of any infringement of the '067 patent and conceded that the RAP200 differs from the preferred embodiment of the '067 patent.**

Graco's response exposed Graco's lack of evidence of infringement of the '067 patent. Like Graco's original demand letter, its response of August 11, 2009, consisted of yet another conclusory assertion of infringement with no substantive analysis. Graco insisted that the '067 patent utilized "well known" claim terms without defining any terms or explaining what "well known" meaning Graco was using, and did not provide any information to support its statements:

> The '067 Patent utilizes claim terms that are well known in the art and are properly construed according to their plain and ordinary meaning. Under any reasonable construction, TTI's RAP200 device infringes at least claim 1 of the '067 Patent.
>
> Moreover, we believe that TTI is well aware of its infringement, since the infringing RAP200 device uses a motor and pump configuration that is a clear copy of Graco's commercial embodiment of the '067 Patent. . . . Accordingly, TTI cannot avoid liability for its obvious copying by focusing on differences between its infringing device and the preferred embodiment described in the patent.

(Scheller Decl., Exhibit C at 2.)

Setting aside Graco's strident rhetoric, its letter was bereft of any analysis of how the *claim language* of the '067 Patent read on TTI's product. As Graco should have known, its comparison of TTI's RAP200 device with the "Graco commercial embodiment" was irrelevant -- the proper analysis requires comparison of the *patent claims* with the accused device. *International Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 772 (Fed. Cir. 1993) ("[i]nfringement is determined on the basis of the claims, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention" (quoting *ACS Hosp. Sys., Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1578 (Fed. Cir. 1984).)

Graco's non-substantive response revealed that it had failed to satisfy its pre-filing duties as Graco apparently just compared TTI's product with Graco's product. Incredibly, Graco also conceded that the RAP200 differed from the "preferred embodiment" in the '067 patent. (Scheller Decl., Exhibit C at 2.) Graco nevertheless stood by its conclusory assertion of infringement as well as its refusal to provide any *evidence* of infringement.

### D. TTI again informed Graco that there was no infringement of the '067 patent.

TTI was understandably puzzled by Graco's non-substantive response, its use of the wrong legal standard and its acknowledgement that the RAP200 differed from the preferred embodiment of the '067 patent. Consequently, TTI

6

responded by letter dated August 19, 2009, stating that Graco had failed to provide any evidence of infringement of the '067 patent. TTI also noted that Graco's response failed to even assert any infringement of claim 4, the only other independent claim of the '067 patent:

> On the '067 patent, you completely fail to identify any *evidence* that TTI's RAP200 device has "a yoke . . . wherein said motor and pinion are offset from the centerline of said pump to reduce the thrust loads on the yoke and offset and reduce the pump forces." We also note that you offer no response whatsoever to our explanation of why TTI does not infringe independent claim 4 of the '067 patent, so we assume that Graco is not asserting that claim.

(Scheller Decl., Exhibit D at 1.)

Rather than offer support for its claim of infringement and explain its case, if any, Graco opted for silence and delay. Graco *never* responded to TTI's August 19, 2009 correspondence and has *never* explained its theory of infringement of the '067 patent to TTI. Graco also has not had to disclose its infringement contentions pursuant to this Court's local patent rules. Given Graco's current request to dismiss, Graco apparently will never have to explain its legal basis for suing Home Depot and TTI for infringement of the '067 patent, or what pre-filing investigation, if any, it conducted before filing this lawsuit.

### E. Graco manipulates the market by suing Home Depot during line review season.

Graco's motivation for filing this lawsuit has always been about one thing: excluding TTI from the marketplace, regardless of merit. Though Graco clearly

7

had no legal basis for claiming infringement of the '067 patent, its intent is readily ascertainable from its actions.

The Court need only consider Graco's actions relating to Home Depot to understand Graco's intentions. First, Graco opted to sue its customer, Home Depot, yet chose not to serve Home Depot with the Complaint. (Docket #1, Docket #46.) This scheme was carefully designed to insure that Home Depot would hesitate before ordering products from TTI. Notably, while Graco voluntarily dismissed its case against Home Depot, the dismissal as to Home Depot is without prejudice so the cloud of future litigation still hangs over its head.

Second, Graco chose to file this lawsuit at the very height of line review season. Product line review for airless paint sprayers occurs in the May to July time frame. This means that between May and July of 2009, retailers such as Home Depot conduct product line reviews for airless paint sprayers and order products that will be displayed in stores during 2010. (Scheller Decl. at ¶ 8.)

Unfortunately, Graco's scheme worked. Though it now seeks to drop the '067 patent five months into the case without explanation, Graco has already had the benefit of asserting the '067 patent against TTI and Home Depot during the critical line review season. By carefully selecting the timing of this lawsuit, naming Home Depot and then not serving them, Graco has been able to cast a

8

cloud over the marketplace. Conveniently, Graco now seeks to drop the '067 patent from the case after the critical time for product line reviews and after it realizes that it has problems with infringement.[1]

## ARGUMENT

II.  **THE DISMISSAL SHOULD BE WITH PREJUDICE AND TTI SHOULD BE REIMBURSED FOR ITS FEES AND COSTS ASSOCIATED WITH THE '067 PATENT INVESTIGATION, ANALYSIS AND DEFENSE.**

The '067 patent case should be dismissed with prejudice and Graco should have to pay TTI's fees and costs associated with the '067 patent. It is clear from the correspondence in this case that Graco never performed an adequate pre-filing investigation and was never able to explain its infringement case during the five months this case has been pending. Moreover, Graco has not offered any explanation to TTI or the Court of how it came to the conclusion -- this late in the case -- that its '067 patent was not sufficient to litigate against TTI. TTI has had to spend considerable resources to defend against Graco's claims of infringement

---

[1] With respect to Graco's other patent-in-suit, even if that patent (the '198 patent) is found valid and infringed, Graco cannot get an injunction or collect any damages for the '198 patent because it has conceded that TTI's redesign is non-infringing and because Graco failed to mark its products with the '198 patent. (Scheller Decl., Exhibit F at 3.) Graco's remaining count for trademark infringement is likewise doomed as its trademark for the color blue covers only use by "professional painters and professional contractors." (*Id.* at 3-4.) Graco has never explained how this trademark could cover TTI's products designed for and marketed to household consumers.

of the '067 patent. The Court should condition dismissal upon payment of TTI's attorneys' fees and costs, and require the dismissal be with prejudice.

Courts have broad discretion to condition a plaintiff's request for voluntary dismissal of a claim. Rule 41(a)(2) provides that a court may dismiss a claim at Plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In the Eighth Circuit, "district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) (citing *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994)).

Notably, the Eighth Circuit has held that it may be an abuse of discretion under certain circumstances not to condition a dismissal upon payment of defendant's attorneys' fees and costs. *Belle-Midwest*, 56 F.3d at 978-79. The purpose is to compensate a defendant for the reasonable expenses incurred as a result of the claim, as well as to deter vexatious litigation. *EMPO Corp. v. J.D. Benefits, Inc.*, No. 03-2480, 2003 U.S. Dist. LEXIS 11234, at *13 (D. Minn. June 26, 2003).

In this case, a dismissal with prejudice is required because a reissue proceeding has the effect of surrendering the original patent. 35 U.S.C. § 251. Since the '067 patent will be surrendered, the only effect of granting a dismissal

10

without prejudice will be to reward Graco for its gamesmanship. In fact, Graco could decide to forego reissue after the case is dismissed, and then reassert the '067 patent next year, again during the height of line review season. The only way to stop such abuse is to require that the dismissal be with prejudice.

Dismissing with prejudice, however, is only half the story, as it fails to account for expenses incurred by TTI as well as Graco's clear failure to perform its due diligence before filing this lawsuit. Consequently, in addition to dismissing the case with prejudice, attorneys' fees should be awarded because Graco did not conduct an adequate pre-filing investigation. Incredibly, five months into this lawsuit and after disrupting TTI's business relationship with Home Depot, Graco now concedes that there are issues of infringement. Graco states that it intends to seek reissue of the patent to "clarify the infringement issue before the Court …." (Docket #53 at 3.)

This raises several questions about Graco's litigation tactics. Exactly what needs clarification? How was Graco able to sue its competitor TTI and its customer Home Depot on the '067 patent if it did not have a clear case of infringement? Why didn't Graco ever explain to TTI the basis for its infringement claim back in the Summer of 2009? Graco should not be permitted to use a filing in the Federal District Court to harm a competitor and then say "never mind, we'll dismiss the '067 patent claims" after months of silence.

Graco even admits that it has an infringement problem as it now seeks to clarify the claims before the Patent Office in an *ex parte* proceeding. Yet, TTI notified Graco in July that it had infringement problems with the '067 patent. TTI even requested Graco to explain its infringement position, and put Graco on notice that it had no evidence of infringement. Graco should have investigated its "infringement issue" with the '067 patent before filing this lawsuit. (Docket #53 at 3.) At a minimum, Graco was on notice in July that there were problems with its infringement contentions, and it should have promptly moved to dismiss at that time rather than months later after the market had already reacted.

These facts suggest that Graco did not undertake any type of infringement analysis until after the Complaint was filed. If there was a reasonable basis to assert the '067 patent, there would be no need to seek reissue and a clarification from the Patent Office about the issues of "infringement." (Docket #53 at 3.) In such a case, dismissal with prejudice and payment of TTI attorneys' fees and costs are warranted. *See generally Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (RICO claim dismissed with prejudice where plaintiff's counsel did not fully investigate claim before filing).

Attorneys' fees also should be awarded because TTI has been damaged. TTI has been damaged by Graco's haphazard assertion of the '067 patent as TTI has incurred attorneys' fees and costs in defending against Graco's claim. TTI's

in-house and outside counsel, as well as its engineering and marketing teams, devoted substantial time to analyzing the '067 patent, its file history and Graco's allegations of patent infringement. TTI's burden was exacerbated by Graco's refusal to share its infringement analysis, if any ever existed, with TTI. Graco should be required to pay all TTI's attorneys' fees and costs associated with the '067 patent.[2]

Attorneys' fees also should be awarded because TTI's work on the '067 patent will not be useful if the patent reissues. While courts sometimes refuse to award fees where the prior work can be reused in the future, that consideration does not apply here. TTI's work on the '067 patent will not be duplicative if Graco chooses to reassert the '067 patent after reissue because, as Graco has conceded, it is seeking reissue of the '067 patent in order to "clarify the infringement issue …." (Docket #53 at 3.)

This means that Graco seeks to have new claims issued by the Patent Office. Indeed, reissue means that the '067 patent is surrendered and a new one is issued. 35 U.S.C. § 251. New claims, in turn, require new invalidity and non-infringement analysis and work. As a result, if Graco reasserts the new patent against TTI after reissue, TTI will have to undertake new work to analyze the

---

[2] TTI will provide such information to the Court if its request for fees and costs is granted.

prior art and accused products in light of the new claims that may issue. In such a case, attorneys' fees and costs are warranted. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (noting that fees are awarded to reimburse defendants for wasted expense and for work which cannot be utilized at a later date).

## CONCLUSION

Rule 41 vests this Court with broad discretion to condition a dismissal upon terms it deems proper. Given Graco's actions, the Court should dismiss the '067 case with prejudice and award TTI its fees and costs associated with the '067 patent.

Dated: December 14, 2009

**HALLELAND LEWIS NILAN & JOHNSON P.A.**

By: /s/John C. Scheller
Scott A. Smith (MN Bar No. 174026)
400 One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402-4501
Telephone: (612) 204-4117
Facsimile: (612) 338-7858
E-mail: ssmith@halleland.com

J. Donald Best (*pro hac vice*)
John C. Scheller (*pro hac vice*)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street, Suite 700
Madison, WI 53701-1806
Telephone: (608) 257-3501
Facsimile: (608) 283-2275
E-mail: jdbest@michaelbest.com
           jcscheller@michaelbest.com

>Richard H. Marschall (*pro hac vice*)
>Melanie J. Reichenberger (*pro hac vice*)
>**MICHAEL BEST & FRIEDRICH LLP**
>100 East Wisconsin Avenue, Suite 3300
>Milwaukee, WI 53202-4108
>Telephone: (414) 271-6560
>Facsimile: (414) 277-0656
>E-mail:   rhmarschall@michaelbest.com
>       mjreichenberger@michaelbest.com
>
>*Attorneys for Defendants*
>*Techtronic Industries North America, Inc., and*
>*One World Technologies, Inc.,*