UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Graco, Inc., and Graco
Minnesota Inc.,

        Plaintiffs,

vs.

Techtronic Industries, North
America, Inc., One World
Technologies Inc., Techtronic
Industries Co., Ltd.,

        Defendants.       Civ. No. 09-1757 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Plaintiffs Graco Inc., and Graco Minnesota Inc. ("Graco"), to voluntarily dismiss, without prejudice, Count One of the Complaint, together with the Counterclaims of the Defendants Techtronic Industries,

North America, Inc., One World Technologies Inc., and Techtronic Industries Co., Ltd. ("TTI"), which pertain to Count One.[1]

A Hearing on the Motion was conducted on February 9, 2010, at which time, Graco appeared by Christopher K. Larus, Esq., and TTI appeared by John C. Scheller, and Scott A. Smith, Esqs.

For reasons which follow, we recommend that Graco's Motion to Dismiss Count One of its Complaint be granted, but the dismissal should be with prejudice. We further recommend that TTI's Counterclaims, which pertain to the same Count One, be dismissed without prejudice, and that TTI's request for an award of attorneys' fees be denied.

## II. Factual and Procedural Background

This action was commenced on July 9, 2009, when Graco failed a Complaint which alleges, in Count I, that TTI has infringed Graco's Patent No. 6,752,067 (the "'067 Patent"), by TTI's sale of its RAP200 airless paint sprayer. See, Complaint, Docket No. 1 (Count I), at p. 8. The Complaint also accuses TTI of infringing Graco's Patent No. 6,702,198 (the "'198 Patent"), and of engaging in trademark

---

[1] Graco advises that it has voluntarily dismissed its claims against the Defendant Home Depot U.S.A., Inc. ("Home Depot"), and therefore, Home Depot has not made any appearance in this action. See, Notice of Dismissal, Docket No. 46.

infringement.  Id. (Counts II and III) at p. 8 and 9 of 14.  In responding to that Complaint, TTI's Answer denies any patent or trademark infringement, and asserts a number of Counterclaims, including claims which seek a declaration that TTI does not infringe the '067 Patent, Answer, Docket No. 27 (Count I), at p. 11 of 15, and that the '067 Patent is invalid.  Id. (Count III), at p. 11 of 15.

On November 16, 2009, Graco filed its Motion seeking a dismissal of Count I of its Complaint, without prejudice, and a dismissal of TTI's Counterclaims -- i.e., Counts I and III -- that pertain to the '067 Patent.  According to Graco, the dismissal without prejudice is warranted because Graco is intending to file, but has not filed as yet, for a reissuance of the '067 Patent pursuant to Title 35 U.S.C. §251, which permits a reissue "[w]henever a patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid * * *."  As explained by Graco, "[t]he reissue * * * will clarify the infringement issue before this Court, allow the Patent Office to consider and judge the '067 Patent before this Court need address it and ultimately determine whether the infringement claim should be litigated at all." Graco's Memorandum in Support, Docket No. 53, at p. 3 of 6.

For its part, TTI does not object to a dismissal of Count I, or a dismissal of its related Counterclaims, but asks that the dismissal be with prejudice, and that TTI be

awarded its costs and fees in defending against Graco's infringement allegations. See, TTI's Memorandum in Opposition, Docket No. 59, at p. 9 of 15.  As urged by TTI, the reissuance, that Graco now proposes to undertake, was caused by Graco's failure to undertake a responsible prelitigation investigation of its infringement claim against TTI as to the '067 Patent.  TTI contends that, upon be notified by Graco that TTI's RAP200 infringes the '067 Patent, TTI wrote several letters to Graco, in which TTI denied any infringement, and requested Graco's explanation for its infringement accusation.  According to TTI, no explanation was forthcoming.

Further, TTI accuses Graco of suing Home Depot, as a co-Defendant in this lawsuit, because Home Depot is one of TTI's customers with respect to the RAP200, and the suit was instituted, TTI claims, at a time when Home Depot was considering which lines of airless paint sprayers to sell in 2010, solely to discourage Home Depot from purchasing TTI's RAP200.  TTI contends that a dismissal without prejudice, would reward Graco for these improper acts, and would penalize TTI, unless TTI were awarded its reasonable fees and costs.

### III.  Discussion

Although not addressed by either party, we address, as a threshold issue, whether Graco's Motion has been properly brought under Rule 41(a)(2), Federal

Rules of Civil Procedure. "Both Rules 41(a)(1) and 41(a)(2) apply by their terms to dismissal of an 'action,'" which "contrasts with Rule 41(b), which provides that 'a defendant may move for dismissal of an action or of any claim against him.'" Gronholz v. Sears, Roebuck and Co., 836 F.2d 515, 518 (Fed. Cir. 1987), quoting Smith, Kline & French Laboratories v. A.H. Robins Co., 61 F.R.D. 24, 28-29 (E.D. Pa. 1973), and Rule 41(b), Federal Rules of Civil Procedure.[2] As the Court went on to explain:

> The Federal Rules and the cases which construe them thus make a clear distinction between a "**claim**" and an "**action**." Therefore, when Rule 41(a) refers to **dismissal of an "action,"** there is no reason to suppose that the term is intended to **include the separate claims which make up an action**. When **dismissal of a claim** is intended, as in Rule 41(b), that concept is spelled out in plain language.

Id. [emphasis in original], Smith, Kline & French Laboratories v. A.H. Robins Co., supra at 28-29.

As a consequence, "while often dubbed a Rule 41(a) voluntary dismissal, the procedure [whereby a court grants plaintiff's motion to dismiss one count of a multi-

---

[2]In Gronholz v. Sears, Roebuck and Co., 836 F.2d 515, 518-19 (Fed. Cir. 1987), the Court was not examining the question as a matter of academic curiosity for, ultimately, the Court transferred the patent holder's appeal, from the decision of a District Court in Minnesota, to the United States Court of Appeals for the Eighth Circuit, given the Federal Circuit Court's conclusion that, absent the patent claim, the case should be properly before the regional Circuit Court with jurisdiction. Cf., Gronholz v. Sears, Roebuck and Co., 869 F.2d 390 (8th Cir. 1989).

count complaint] is more properly viewed as a Rule 15 amendment to the complaint." Id., quoting Management Investors v. United Mine Workers, 610 F.2d 384, 394-95 (6th Cir. 1979).

As a Court within this Circuit has noted, while the Eighth Circuit Court of Appeals "appears never to have embraced or rejected the distinction stated in Gronholz," "courts of other regional circuits have since used similar reasoning to conclude that Rule 41(a) does not provide for the voluntary dismissal of less than all claims against any defendant." Environmental Dynamics, Inc. v. Robert Tyer and Associates, Inc., 929 F. Supp. 1212, 1225 (N.D. Iowa 1996), citing Gobbo Farms & Orchards v. Poole Chem. Co., Inc., 81 F.3d 122, 123 (10th Cir. 1996), Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988), Management Investors v. United Mine Workers, supra at 394 n. 22, Exxon Corp. v. Maryland Casualty Co., 599 F.2d 659, 662 (5th Cir. 1979), and In re Wyoming Tight Sands Anti Trust Cases, 128 F.R.D. 121, 123 (D. Kan. 1989); see also, Cross v. City of Liscomb, 2004 WL 840274 at *3 (S.D. Iowa, March 2, 2004)("In practice individual claims are frequently voluntarily 'dismissed' under the rule," and "[t]he technical distinction ordinarily is inconsequential, but Rule 41(a) is concerned only with the dismissal of 'action[s],' not with some of the claims in an action."), citing Berthold Types, Ltd. v. Adobe Systems,

Inc., 242 F.3d 772, 777 (7th Cir. 2001), Gobbo Farms & Orchards v. Poole Chem. Co., Inc., supra at 123, Wilson v. Crouse-Hinds Co., 556 F.2d 870, 873 (8th Cir. 1977), cert. denied, 434 U.S. 968 (1977), and Moore's Federal Practice 3rd, §41.21[1], at 31 (2003).

In contrast to those Circuit and District Courts which have squarely addressed the issue, when it has brushed up against the question, our Court of Appeals has characterized the differences, between Rules 15(a), and 41(a)(2), as being "more technical than substantial." Wilson v. Crouse-Hinds Co., supra at 873, citing, and quoting, Johnston v. Cartwright, 355 F.2d 32, 39 (8th Cir. 1966)("[I]t may not be material whether the court acts under Rule 15(a) which relates to amendments * * * or Rule 41(a)(2)."). We think that characterization necessarily follows from a realization that the Court must dismiss those voluntarily dismissed "claims" -- even if they constitute less than the plaintiff's entire cause of action -- when they no longer present an actual "case or controversy" over which the Court can have subject matter jurisdiction. See, e.g., Defenders of Wildlife, Friends of Animals and Their Environment v. Hodel, 851 F.2d 1035, 1038 (8th Cir. 1988)("Article III of the Constitution limits the power of the federal courts to actual 'cases' and 'controversies.'"), citing United States Constitution, Article III, Section 2.

As the Court explained, in McClain v. American Economy Ins. Co., 424 F.3d 728, 731 (8th Cir. 2005), quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000):

> Whether a plaintiff has standing to sue "is the threshold question in every federal case determining the power of the court to entertain that suit." Steger v. Franco, Inc. 228 F.3d 889, 892 (8th Cir. 2000)(quotation omitted). The question arises from Article III, §2, of the United States Constitution, which limits the subject matter jurisdiction of federal courts to actual cases and controversies. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

Here, Graco has consented to the entry of a dismissal, and conceded at the Hearing that the dismissal can be with prejudice, as to its Count I, which accuses TTI of infringing upon Graco's '067, thereby eliminating any "case of controversy" with respect to that Count, and to any Counterclaims that TTI has asserted that relate to that specific claim of infringement. See, Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344-45 (Fed. Cir. 2007), cert. denied, --- U.S. ---, 128 S.Ct. 2055 (2008); Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp.2d 645, 650 (M.D. Pa.

2008); Furminator, Inc. v. Ontel Products Corp., 246 F.R.D. 579, 588-89 (E.D. Mo. 2007).

We recognize that, with respect to the dismissal of TTI's Counterclaims, some of the cited decisions involved the patent holder's provision of a Covenant Not to Sue to the alleged infringer, but we cannot meaningfully distinguish a Covenant Not to Sue from the dismissal with prejudice which Graco has acceded to here. Indeed, as noted, we do not understand TTI to contest the dismissal of Graco's Count I, for it simply opposes a dismissal without prejudice, and without the payment of attorneys' fees. See, TTI's Memorandum in Opposition, Docket No. 59, at p. 9 of 15 ("The '067 patent case should be dismissed with prejudice and Graco should have to pay TTI's fees and costs associated with the '067 patent."). As the Supreme Court has recognized, "[t]he burden is on the party claiming declaratory judgment jurisdiction" -- TTI in this instance -- "to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." Id. at 1344, citing Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1974). Notwithstanding Graco's briefing of the need to dismiss TTI's related Counterclaims should Graco's Count I is dismissed, TTI filed no authority to the contrary and, in fact, did not address that

issue at all.  See, Graco's Memorandum in Support, Docket No. 53, at pp. 4-5 of 6; TTI's Memorandum in Opposition, Docket No. 59.

As a consequence, whether denominated as a Rule 15(a) or a Rule 41(a)(2) Motion, we find that the dismissal that Graco proposes, but with prejudice, together with a dismissal, without prejudice,[3] as to TTI's related Counterclaims, is appropriate.[4] We embody our Recommendation in a Rule 41(a)(2) dismissal, with prejudice, however, in order to clearly reflect that those same claims may not be reasserted, under the '067 Patent, against TTI, by virtue of the preclusive effect of res judicata. Having concluded that a dismissal, with prejudice, under Rule 41(a)(2), best serves

---

[3]We decline to recommend a dismissal, with prejudice, as to TTI's Counterclaims, which are related to the '067 Patent, as such a dismissal is necessitated only by the dismissal of Graco's Count I, and TTI should not be caused to suffer any other limitation in its rights as alleged in those Counterclaims -- however theoretical they might be -- simply to accommodate Graco's voluntary dismissal.  Graco has not requested that any such dismissal be without prejudice, and independently, we find no basis upon which to impose such a constraint upon TTI.

[4]There can be no legitimate argument that, under Rule 15(a), Graco's Motion to Amend -- if we considered its current Motion as such -- would be inappropriate, for any of the usual reasons -- "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," untimeliness, or being made for an improper purpose. Foman v. Davis, 371 U.S. 178, 182 (1962)

the interest of justice, we proceed to TTI's request that the dismissal also be coupled with an award of reasonable attorneys fees.

Under the circumstances presented here, whether considered under Rules 15(a), or 41(a)(2), an award of fees would be inappropriate. This case is in its infancy and, given several threshold procedural issues, as well as the absence of the service of process upon each of the named Defendants until recently, we have yet to conduct an Initial Pretrial Conference, as contemplated by Rule 16, Federal Rules of Civil Procedure, and necessarily, the parties have not commenced any appreciable discovery.[5] What briefing has been completed has been modest in scope and intensity -- so effectively, the case is in a nascent state. Given the fact that Graco's dismissal, with prejudice, will save the parties, and the Court, significant time and resources, we can envision little cause for discouraging that effort under the circumstances presented here. See, e.g., SL Waber, Inc. v. American Power Conversion Corp., 135 F. Supp.2d 521, 528 (D. N.J. 1999)("Reimbursement of [TTI's] attorneys' fees might be

---

[5]While this Court granted Graco's Motion to conduct jurisdictional discovery, see, Order of December 11, 2009, Docket No. 58, owing to TTI's Motion to Dismiss for Lack of Personal Jurisdiction, and for Insufficient Service of Process, see, Docket No. 22, on January 19, 2010, TTI filed a Notice advising that it was withdrawing its Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Process. See, Docket No. 64. As a consequence, it seems unlikely that any appreciable discovery was undertaken, even with respect to that constrained area of inquiry.

appropriate under Rule 15(a) if [Graco] merely sought to dismiss its infringement claim on the ['067] patent without prejudice, but [Graco] has done much more than that," since "[TTI] will walk away from this litigation knowing that it will never again be sued for alleged infringement of the ['067] patent and this it remains free to market its own product."). Under the circumstances presented, we find no responsible basis to grant an award of attorneys' fees to TTI under Rule 15(a).[6]

Nor do we find attorneys' fees warranted under Rule 41(a)(2). As the Court explained, when confronting a denial of requested attorneys' fees in the context of a Motion to Voluntarily Dismiss under Rule 41(a)(2):

> The statutory provision for awarding attorney fees in patent cases is normally invoked only at the end of litigation, see Brand Plastics Co. v. Dow Chemical Corp., 168 U.S.P.Q. 133 (C.D. Cal. 1970); R. Milgrim, Sears to Lear to Painton: Of Whales and Other Matters, 46 N.Y.U.L.Rev. 17, 32 n. 63 (1971). The legislative history of [Title 35 U.S.C.] §285 indicates that Congress intended, even after trial, that it be used sparingly, Union National Bank of Youngstown v. Superior Steel Corp., 9 F.R.D. 117, 121 n. 2 (W.D. Pa. 1949), since it represents a departure from the usual rule

---

[6]Given the near primordial state of this litigation, we inquired of TTI's counsel as to how much could have been reasonably incurred in attorneys' fees owing just to the defense of Count I, and counsel guesstimated about $20,000.00 to $30,000.00. If true, then it should be sufficient to note that, as a Court in this District has phrased the matter, "[t]he remoras are loose again." In re Untied Health Group Inc. PSLRA Litigation, 643 F. Supp.2d 1107, 1108 (D. Minn. 2009).

> that counsel fees are not awardable to the prevailing party in an action at law, Smoot v. Fox, 353 F.2d 830 (6th Cir. 1965 (libel), and the broad policy against allowing costs to be erected as an undue barrier to litigation, cf. Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

Larchmont Engineering, Inc. v. Toggenburg Ski Center, 444 F.2d 490, 491 (2nd Cir. 1971).

Here, TTI has not predicated its request for attorneys' fees on either Rule 11, Federal Rules of Civil Procedure, or Title 35 U.S.C. §285, which authorizes the Court to award reasonable attorney fees to the prevailing party in "exceptional cases." While TTI argues that Graco's Count I was an effort on Graco's part to prejudice TTI's market interests in generated sales, with Home Depot, of Graco's airless paint sprayer in preference to TTI's RAP200, TTI has presented no competent evidence to support those arguments, and we are presented with no proper showing of either bad faith, or an exception case, insofar at Graco's Count I is concerned.

Therefore, we find no basis upon which to recommend an award of reasonable attorneys' fees under Rule 41(a)(2). See, e.g., SL Waber, Inc. v. American Power Conversion Corp., at 527 ("After pretrial discovery revealed the weaknesses of its claims, [the plaintiff] may well have decided in good faith to minimize litigation expense by foregoing its claims and by taking a voluntary dismissal," and "[s]uch a

move should not be discouraged by the threat of imposing attorney fees."), quoting Larchmont Engineering, Inc. v. Toggenburg Ski Center, supra at 491; W.L. Gore & Associates, Inc. v. Oak Materials Group, Inc., 424 F. Supp. 700, 703 (D. Del. 1976) ("Where a case is dismissed prior to trial, an extremely heavy burden is placed on the moving party to establish entitlement to attorneys' fees, in light of the extraordinary nature of the relief.").

NOW, THEREFORE, It is --

RECOMMENDED:

1.  That the Plaintiffs' Motion to Dismiss Count I of its Complaint, with prejudice, as well as the Defendants' Counterclaims regarding the '067 Patent, should be granted [Docket No. 51], but we recommend that the dismissal of the Defendants' referenced Counterclaims be without prejudice.

2.  That the Defendants' informal Motion for an award of attorneys' fees should be denied.

Dated: February 10, 2010        *s/Raymond L. Erickson*
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 24, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **February 24, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.